UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE RICHARDS,

    Plaintiff,

v.    CASE NO. 10-10100
    HONORABLE PATRICK J. DUGGAN

WILLIAM SCHUSTER and DAVID
READER,

    Defendants.
_____/

## OPINION AND ORDER (1) SUMMARILY DISMISSING COMPLAINT AND (2) DENYING MOTIONS TO AMEND COMPLAINT AS MOOT

Plaintiff Kyle Richards ("Plaintiff"), currently on probation, was a state inmate confined at the Washtenaw County Jail in Ann Arbor, Michigan, when he filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 on January 11, 2010. Plaintiff alleges in his complaint that Defendants, The Honorable David Reader ("Judge Reader") and Deputy Courtroom Clerk William Schuster ("Deputy Clerk Schuster") (collectively "Defendants"), conspired against him to violate his rights under the United States and Michigan constitutions. As relief, Plaintiff asks this Court to overturn his felony conviction and award him monetary damages. Plaintiff also has filed motions to amend his complaint in order to indicate that he is suing Defendants individually and in their official capacities. For the reasons set forth below, the Court summarily dismisses Plaintiff's complaint and therefore denies his motions to amend his complaint as moot. The Court also concludes that any appeal would not be taken in good faith.

## Standard of Review

Plaintiff has been granted leave to proceed *in forma pauperis* in this action. The Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. § 1915(e)(2). Similarly, the Court is required to dismiss a civil action brought by a prisoner seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733 (1992). Even applying the liberal pleading standard accorded *pro se* plaintiffs, *see Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596 (1972), the Court finds that Plaintiff's complaint is subject to summary dismissal for failure to state a claim upon which relief may be granted and on the basis of immunity.

### *Heck v. Humphrey*

Plaintiff's requests for injunctive and monetary relief for alleged violations of his Constitutional rights are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364

(1994).¹  As the Supreme Court summarized its holding in *Heck*:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87, 114 S. Ct. at 2372 (emphasis in original and footnote omitted).  The holding in *Heck* has been extended to actions seeking injunctive relief that would necessarily imply the invalidity of the plaintiff's conviction or imprisonment.  *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (unpublished opinion); *see also Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998).  Plaintiff's conviction has not been reversed or otherwise invalidated.  Therefore, his claims are barred by *Heck*.

**Judicial Immunity**

Even if the Court did not find Plaintiff's claims barred by *Heck*, the Court nevertheless would hold that Judge Reader is entitled to absolute immunity with respect to Plaintiff's claim for monetary damages.  Judges are entitled to absolute judicial

---

¹Moreover, § 1983 is not a proper vehicle to overturn Plaintiff's conviction which he seeks in his prayer for relief.  Under Michigan law, a defendant may appeal his conviction to the Michigan Court of Appeals and Michigan Supreme Court or challenge his conviction by way of a motion for relief from judgment or state habeas corpus action.  If he is unsuccessful, he can challenge the conviction by filing a habeas corpus petition in the federal courts pursuant to 28 U.S.C. § 2254.

immunity from a suit for monetary damages arising from their performance of judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9-10, 112 S.Ct. 286, 287 (1991); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). The Sixth Circuit has described the immunity from suit enjoyed by judges as follows:

> [J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351, 20 L.Ed. 646 (1872). This immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights. *See Pierson v. Ray*, 386 U.S. 547, 554-55, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The Supreme Court explained: If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication . . . . Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Forrester v.White*, 484 U.S. 219, 226-27, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988).

*Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir.2001) (footnote omitted).

Plaintiff's challenge to the proceedings involve the performance of Judge Reader's judicial duties. Therefore, Judge Reader is absolutely immune from damages for such conduct.

**Testimonial Immunity**

In his complaint, Plaintiff alleges that Deputy Clerk Schuster is subject to § 1983 liability for his role in observing Plaintiff while Plaintiff was at the 44th Judicial Center and subsequently testifying that he heard Plaintiff say he would kill Deputy Clerk

Schuster's family, if Deputy Clerk Schuster testified against Plaintiff. Plaintiff claims that the statement was untrue.

To the extent Plaintiff alleges that Deputy Clerk Schuster falsely testified against him and seeks monetary damages, his claim fails. Deputy Clerk Schuster is absolutely immune from suit for damages under 42 U.S.C. § 1983 for any testimony he provided in Plaintiff's proceedings. *See Briscoe v. LaHue*, 460 U.S. 325, 335, 103 S. Ct. 1108 (1983) (holding that witnesses in judicial proceedings are absolutely immune from civil liability under 42 U.S.C. § 1983 based on their testimony, even if they knowingly gave perjured testimony); *Macko v. Byron*, 760 F.2d 95, 97 (6th Cir. 1985) (same).

## Conclusion

For the reasons set forth above, the Court holds that Plaintiff fails to state a claim in his complaint upon which relief may be granted.

Accordingly,

**IT IS ORDERED**, that Plaintiff's complaint is **SUMMARILY DISMISSED** pursuant to 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. The Court also concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS FURTHER ORDERED**, that Plaintiff's motions to amend his complaint are **DENIED AS MOOT**.

s/PATRICK J. DUGGAN<br>UNITED STATE DISTRICT JUDGE

DATED: July 8, 2010

Copy to:
Kyle Richards
34670 Clarkson Drive W. #33
Fraser, MI 48026